FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

02 AUG -1 PM 4:30

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| FRANKLIN STIDHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV 00-B-3234 NE |
| | ) | |
| SOLUTIA, INC., | ) | |
| MONSANTO COMPANY, | ) | |
| Defendants. | ) | |
| | ) | |

ENTERED
AUG - 1 2002

**MEMORANDUM OPINION**[1]

Currently before the court is a Joint Motion for Summary Judgment filed by Defendant Solutia, Inc. ("defendant" or "Solutia") and Monsanto Company ("Monsanto").[2] Franklin Stidham ("plaintiff" or "Stidham") filed this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132, *et. seq.* Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants' motion for summary judgment is due to be granted.

---

[1] At the conclusion of oral argument, the court informed the parties of its intention to grant summary judgment in favor of defendants. The court requested that counsel for defendant prepare a proposed memorandum opinion for the court. Although the court has made some changes to the opinion prepared by defendants' counsel, it has adopted a large part of the proposed opinion. The court is aware of the admonition of the Eleventh Circuit that district courts not delegate "the task of drafting important opinions to litigants." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1373 n.46 (11th Cir. 1997). This is an important opinion. Before requesting a proposed opinion from defendants' counsel, the court had reached a firm decision as to the appropriate outcome. Counsel drafted the opinion according to the express instructions of the court as to its contents. These instructions were stated to defendants' counsel, with plaintiff's counsel present, following oral argument. Although largely taken from the opinion proposed by defendants' counsel, the court personally reviewed this opinion, and the opinion reflects the court's own conclusions.

[2] Also before the court is a Motion to Substitute Exhibit B to Helen Nellings Affidavit also filed by defendants. This motion is due to be granted.

39

## FACTUAL SUMMARY[3]

Effective September 1, 1997, Monsanto Company divided itself into two companies, one engaged primarily in life sciences and the other in the manufacture and sale of chemical products. Monsanto accomplished the separation by transferring its chemical-related assets and liabilities into a subsidiary and then distributing the stock of that subsidiary to its shareholders, effecting a "spin-off". The resulting chemical corporation is Solutia, Incorporated.

The spin-off left Solutia with an immediate need to eliminate a number of positions. Solutia gave its management the authority to identify those positions that it believed should be eliminated. Solutia implemented, as a supplement to its regular Pension Plan, a special program ("Special Program") intended to provide enhanced benefits to eligible employees whose jobs Solutia eliminated as a result of the spin-off.

In September 1997, Solutia distributed a Summary Plan Description ("SPD") of the Special Program. The opening paragraph of the SPD explained that the purpose of the Special Program was to give enhanced benefits to participants "whose positions are being eliminated as a result of the separation of the Company's Chemical and Life Sciences businesses into two companies."

In October 1997, plaintiff was an employee of Solutia and worked at its plant in Decatur, Alabama. He was the senior computer operator in the Management Information System ("MIS") Department. Solutia did not intend or need to eliminate Stidham's position "as a result of the separation of the Company's Chemicals and Life Sciences business into two companies" and it

---

[3] The parties do not dispute the material facts. (*See* Pl.'s Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Br.") at 1-2.)

so advised Stidham. Stidham, however, wished to retire in the Fall of 1997. He asked Solutia whether he would be entitled to Special Program benefits if he retired, and Solutia explained that he would not. Solutia advised him that the company did not intend to eliminate his position as a result of the spin-off. Nevertheless, Stidham voluntarily retired October 1, 1997, and did not receive benefits under the Special Program.

Solutia's Pension Plan vests the company with discretion to interpret the plan. Stidham filed a claim for benefits under the Special Program and was denied. He appealed the denial to the Employee Benefits Plans Committee ("EBPC"). The EBPC created an administrative record for Stidham's claim. The administrative record contains a memorandum to the EBPC from Sheila Feldman, Vice President of Human Resources, in which she explained:

> The purpose of the Special Program was solely to assist those who were involuntarily terminated as a result of Solutia having first eliminated their jobs. It was not the purpose or intent of the Special Program to provide benefits to those who simply chose to terminate their employment. An employee could not cause himself or herself to become entitled to Special Program benefits simply by choosing to retire or to terminate his employment voluntarily.

The EBPC ultimately denied Stidham's claim, and Stidham, having exhausted his administrative remedies, filed this lawsuit against both Solutia and Monsanto.

Stidham contends that Solutia effectively eliminated his position, making him eligible to receive enhanced benefits under the Special Program. According to Stidham, the individual Solutia placed in his position after his retirement never performed his job but held the job in title only. Solutia contends, even assuming that Stidham's replacement did not perform his job duties, that it did not eliminate Stidham's position "as a result of the separation of the Company's Chemical and Life Sciences businesses into two companies." Furthermore, Solutia submits that to be eligible for the enhanced benefits under the Special Program, the employee had

3

to lose his position involuntarily, rather than as a result of the employee's choosing to retire. Solutia argues that eliminating a position because of a voluntary retirement is different from eliminating a position as a result of the spin-off, and the company was free to establish eligibility requirements when it implemented the Special Program.

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, "summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986.) The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; see Fed.R.Civ.P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c)). Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322.

In deciding a motion for summary judgment, the role of the court is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue

for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury. *Id.* Therefore, the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. The nonmovant need not be given the benefit of every inference but only of every *reasonable* inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## DISCUSSION

Because Solutia's Pension Plan is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002, ERISA applies and controls. Solutia's Pension Plan vested the EBPC with discretion in its administration of the plan. Stidham acknowledges that the court may reverse the EBPC's determination that he was not entitled to enhanced benefits under the Special Program only if the decision was arbitrary and capricious. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113-14 (1989); *Jett v. Blue Cross and Blue Shield of Ala., Inc.*, 890 F.2d 1137, 1138-39 (11th Cir. 1989). In determining whether the EBPC's decision was arbitrary and capricious, the court is to consider only the evidence that was before the EBPC at the time it made its determination. *Jett*, 890 F.2d at 1140.[4]

ERISA permits Solutia, as an employer, to identify the positions that it needed to eliminate as a result of the spin-off. *See Pegram v. Herdrich*, 530 U.S. 211, 226-27 (2000); *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1471 (11th Cir.1986). ERISA also permits Solutia, as plan sponsor, to set eligibility requirements and offer Special Program benefits only to employees whose jobs are eliminated because of the spin-off. *Id.* Solutia was not obligated to offer Special

---

[4] In his brief, plaintiff refers to Exs. B, C, and D. This evidence was not submitted to the EBPC or made a part of the administrative record. Therefore, this evidence is not properly before the court. See, *Jett v. Blue Cross and Blue Shield of Ala., Inc.* 890 F.2d 1137, 1140 (11th Cir. 1989).

5

Program benefits to those employees who voluntarily left the company or voluntarily retired, like Stidham. *Id.*

Plaintiff contends that the attachment to the SPD entitled "Who's Eligible" ("attachment") requires only that the employee have been an active employee on September 8, 1997, that he have at least five years of vesting service on October 31, 1997, that he be employed in one of a list of business units, and that he be "employed in a position that is being eliminated." He argues that, according to the attachment, enhanced benefits are not limited to those employees whose positions are being eliminated "as a result of the separation of the Company's Chemical and Life Sciences businesses into two companies." Stidham also argues that the SPD required voluntary retirement as a prerequisite to receiving Special Program benefits, and that his voluntary retirement, therefore, does not disqualify him from receiving enhanced benefits under the Special Program.

Stidham's arguments are misplaced. He takes the attachment out of context and ignores the other language of the SPD. The first paragraph of the SPD clearly states that the benefits are available only to those whose positions are being eliminated "as a result of the separation of the Company's Chemical and Life Sciences businesses into two companies." Furthermore, the attachment states that to be eligible for the Special Program the employee had to be "employed in a position that is being eliminated." To be eligible for the Special Program, the employee necessarily had to be in the position at the time it was eliminated. Stidham had already voluntarily vacated the position when Solutia allegedly eliminated it. The Special Program's language does not support an award of benefits to a former employee whose position was eliminated after he had left Solutia's employment.

6

Stidham incorrectly reads the SPD to require voluntary retirement as a prerequisite to receiving Special Program benefits, and argues that his voluntary retirement does not disqualify him from receiving benefits under the Special Program. The SPD states that an employee's "election to accept the Special Program is voluntary." The election to retire and the election to accept the Special Program are distinct acts. When an eligible employee chooses to participate in the Special Program he does so voluntarily because participation in the Special Program requires the employee to waive any entitlement to reinstatement or reemployment, waive any claim to severance pay, and waive any claim for age discrimination or other forms of discrimination. Because of the waivers required, not all employees whose jobs were eliminated elected to participate in the Special Program. Voluntarily retiring from a position that has not been and is not intended to be eliminated is different from voluntarily electing to participate in the Special Program when the position is being eliminated "as a result of the separation of the Company's Chemical and Life Sciences businesses into two companies."

The EBPC's determination that Stidham was not entitled to benefits under the Special Program is not arbitrary or capricious. The evidence in the administrative record establishes that plaintiff voluntarily chose to retire. No evidence suggests that Solutia eliminated Stidham's position, if it eliminated it at all, "as a result of the separation of the Company's Chemical and Life Sciences businesses into two companies." The plain language of the SPD supports a finding that enhanced benefits under the Special Program were not intended for those who voluntarily retired. Because the administrative record supports the EBPC's determination that plaintiff was not entitled to benefits under the Special Program, the EBPC's decision was not arbitrary and capricious. Summary judgment in favor of defendants is due to be granted.

## CONCLUSION

For the reasons stated herein, the court is of the opinion that Solutia's Motion for Summary Judgment is due to be granted. Defendant's Motion to Substitute Exhibit B to Helen Nellings Affidavit is also due to be granted. An order in accordance with this opinion will be entered contemporaneously herewith.

**DONE** this 1st of August, 2002.

*[signature]*
SHARON LOVELACE BLACKBURN
United States District Judge